**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LARRY JAVIER TORREZ ARCE,

                          Petitioner,                    9:26-cv-501
                                                 (ECC)

v.

PAMELA BONDI, in her official capacity as
U.S. Attorney General; JAMES BAUSCH, in his
official capacity as Acting Deputy Field Office
Director, Buffalo Field Office, U.S. Immigration
& Customs Enforcement; PHILIP RHONEY, in
his official capacity as Deputy Field Office
Director, Buffalo Field Office, U.S. Immigration
& Customs Enforcement; TODD LYONS, in his
official capacity as Acting Director, U.S.
Immigration and Customs Enforcement; and
MARKWAYNE MULLIN, in his official
capacity as Secretary of Homeland Security,

                          Defendants.

---

Matthew K. Borowski, Esq., *for Petitioner*
Karen Folster Lesperance, *Assistant United States Attorney, for Respondents*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### ORDER

Petitioner Larry Javier Torrez Arce (Arce), a citizen of Nicaragua, entered the United States at the Miami International Airport on March 14, 2024, and was paroled into the United States under the NHP-Nicaraguan Humanitarian Parole program. Petition (Pet.) ¶ 2, Dkt. No. 1; Response (Resp.) at 1, Dkt. No. 6. On March 13, 2025, he filed an application for asylum and he was issued a work permit. Pet. at ¶ 6. At a hearing on April 10, 2026, counsel for both parties represented that the asylum application is still pending. Arce's parole was terminated effective June 12, 2025 due to Executive action terminating the program under which it was granted. Resp.

at 1, 3-4.  Had Arce's parole not been terminated, it would have expired on March 14, 2026.  *Id.* at 1.  On March 27, 2026, Petitioner was taken into custody at a laundromat near his home in Auburn, New York. Pet. ¶ 7.  At the April 10th hearing, counsel for Respondents represented that Arce was taken into custody during a targeted enforcement action.  On the same day, while detained at the Border Patrol facility in Oswego, New York, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  *Id.* at ¶ 7, 13.  Petitioner seeks immediate release, or in the alternative, a bond hearing, and attorney's fees and costs under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412.  *Id.* at 15-16; *see also id.* at ¶ 13.  After considering briefing from both parties, Dkt. Nos. 1, 6, 8, and arguments made during a hearing on April 10, 2026, the Court grants the Petition and orders Arce's immediate release.  A written decision providing more detailed reasons and addressing Arce's request for EAJA fees and costs will be issued in due course.

For these reasons, it is

**ORDERED** that the Petition for a writ of habeas corpus, Dkt. No. 1, is **GRANTED**; and it is further

**ORDERED** that Respondents shall immediately release Petitioner Larry Javier Torrez Arce from custody; and it is further

**ORDERED** that Respondents shall certify compliance with this Order by filing a status report by 5 p.m., on April 11, 2026; and it is further

**ORDERED** that pending the issuance of any final removal order against Petitioner Larry Javier Torrez Arce, Respondents are also enjoined from denying him bond in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b)(1)(A), absent a change in relevant circumstances.

2

**IT IS SO ORDERED.**

Dated: April 10, 2026

Elizabeth C. Coombe
U.S. District Judge

3